IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA MONETTE,

      Plaintiff,

v.                Civ. No. 04-1265 JH/WDS

LONGFORD AT ARROWWOOD, L.L.C.,
a foreign limited liability corporation, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

   This matter comes before the Court on *Defendants' Motion to Dismiss* [Doc. No. 2]. The issue before the Court is whether Plaintiff has stated a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"). Because the Court concludes that Plaintiff has not stated a claim under RESPA, the Defendants' motion will be granted.

## FACTUAL BACKGROUND

   Plaintiff Rebecca Monette has filed two lawsuits against the same group of Defendants, who she alleges are her former employers. Plaintiff filed one lawsuit for wrongful discharge in the Second Judicial District Court, Bernalillo County, New Mexico. Defendants removed that case to this federal district court, thereby creating *Monette v. Longford at Arrowwood*, Civ. No. 04-1397 JH/LFG. However, in a Memorandum Opinion and Order entered on February 28, 2005, the Court granted Defendants' motion to remand that case to state district court because this Court lacked subject matter jurisdiction.

   By contrast, Plaintiff filed her Complaint in this case with the United States District Court for the District of New Mexico. The facts alleged here are virtually identical to those alleged in the

removed case, Civ. No. 04-1397.  In her Complaint, Plaintiff alleges that she worked for Defendants as a broker liaison and marketing manager.  Plaintiff states that in August of 2004, Defendants' Albuquerque office accepted a postage meter containing $6,500 in postage from a title company. Complaint at ¶ 1.  Plaintiff further contends that she told Defendants that "she was not comfortable housing the meter in her office because as a licensed real estate broker, she could be liable under the RESPA [Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq.], if usage of the meter were determined [sic] violate RESPA" and that she refused to use the meter  Id. at ¶ ¶ 1, 12, 15-17. Plaintiff further claims that after she refused to use the postage meter, Defendants retaliated by terminating her employment and she suffered severe emotional distress.  Id. at ¶ ¶ 11, 24, 30.  As a result of the foregoing, Plaintiff contends that the Defendants violated RESPA and in doing so caused her emotional distress.  Id. at ¶ ¶ 32-33. She asks the Court to award her compensatory and punitive damages, as well as costs and attorney's fees.  The Court understands Plaintiff's complaint in this case to contain claims only for the alleged violation of RESPA, and not a claim for common law wrongful discharge.

## DISCUSSION

As grounds for their motion, Defendants have made three arguments.  First, they argue that there is no cause of action for retaliation or retaliatory discharge under RESPA.  Second, they contend that Plaintiff has failed to allege sufficient facts to state a claim under RESPA.  Third, Defendants contend that Plaintiff lacks standing to assert a claim under RESPA.  The Court will address each argument in turn.

**I.      RETALIATION UNDER RESPA**

It is far from clear whether Plaintiff intends to assert a cause of action for retaliation under

RESPA, and unfortunately she does not respond to Defendants' arguments regarding whether RESPA creates such a cause of action.[1]  However, for the purposes of this Memorandum Opinion and Order, the Court will assume that Plaintiff does intend to assert such a cause of action.  That said, such a claim must fail.

RESPA simply does not create a cause of action for an employee who is fired in retaliation for refusing to violate the terms of RESPA.  This is evident for at least two reasons.  First, Congress has stated that the purpose of RESPA is to ensure "that *consumers* throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country."  12 U.S.C. § 2601 (emphasis added).  Thus, the purpose of the statute is to protect *consumers* of real estate services from unnecessarily high settlement charges, not persons like Plaintiff who are *employees* of title companies, buyers and sellers of real estate, or realtors.

Second, when Congress enacts a statutory scheme and intends to create a cause of action for retaliation, it knows how to expressly create such a statutory scheme.  For example,  in 1986 Congress chose to amend the False Claims Act to include a cause of action for retaliatory acts under 31 U.S.C. § 3730(h).  Similarly, Congress has expressly included anti-retaliation provisions in the Fair Labor Standards Act,  29 U.S.C. § 215(a)(3), the Americans With Disabilities Act, 42 U.S.C. § 12203, and the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.  *See also Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (finding that for a private right of action for

---

[1] In Civ. No. 04-1397, Plaintiff did assert a state common law cause of action for wrongful discharge in violation of public policy.  As previously noted, that case was remanded to state district court.

3

retaliation to exist under Title VI of the Civil Rights Act of 1964, it must be found in a statute created by Congress). By contrast, Congress has declined to expressly create such a cause of action for retaliation within RESPA, and in turn the Court declines to create such a cause of action by inference. Accordingly, to the extent Plaintiff intends to assert a cause of action for retaliation under RESPA, that claim will be dismissed.

## II.  CAUSE OF ACTION FOR VIOLATION OF RESPA'S ANTI-KICKBACK PROVISION

Plaintiff also alleges in her complaint that Defendants violated the "anti-kickback" provisions of RESPA found at 12 U.S.C. § 2607, and that those alleged violations caused her to suffer severe emotional distress.[2] This, in turn, raises two questions: does Plaintiff have standing to assert such a claim, and if so, has she adequately alleged a violation of RESPA?

The Court concludes that Plaintiff does not have standing to assert such a cause of action.[3] Private rights of action are limited to the special class of persons Congress sought to benefit. *Cannon v. University of Chicago*, 441 U.S. 677, 688, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) (stating "fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person"). Thus, not only must Plaintiff prove that the statute prohibits particular conduct, but she must also show that she is "one of the class for whose especial benefit" the statute was enacted. *See Texas & Pac. Ry. Co. v. Rigsby*, 241 U.S. 33, 39, 36 S.Ct. 482, 60 L.Ed. 874 (1916); *see also Gonzaga University v. Doe*, 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309, 322 (2002) (citing *Cannon* for the proposition that a statute is privately enforceable

---

[2]If Plaintiff is alleging that Defendants violated any other portion of RESPA, it is not manifest on the face of her complaint.

[3]In her response to the motion to dismiss, Plaintiff did not address the issue of standing.

under implied right "only where Congress explicitly conferred a right directly on a class of persons that included the plaintiff in the case").

Here, under the facts alleged in her Complaint, it is clear that Plaintiff is not among those whom Congress intended to benefit when it enacted RESPA. Section 2607(d)(2), which addresses penalties for violations of that section, illustrates this principle. It states that "[a]ny person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable *to the person or persons charged for the settlement service* involved in the violation..." 12 U.S.C. § 2607(b)(2) (emphasis added). Thus, in order to recover under the statute, one must be a person who was charged for settlement services. However, according to Plaintiff's complaint, she was not charged for any settlement services; rather, she was an employee of Defendants. Therefore, she has no standing to allege a violation of the statute. *Cf. Contawe v. Crescent Heights of Am., Inc.*, 2004 WL 2244538 (E.D. Pa. Oct. 1, 2004) ("[B]ecause Plaintiffs have not shown that their settlement charges were not reasonably related to the value of the services they received, they have no standing to bring a RESPA claim for damages under § 2607(a)."); *Mullinax v. Radian Guar., Inc.*, 311 F.Supp.2d 474, 486 (M.D.N.C. 2004) ("D]amages are available under § 2607(d)(2) only if Plaintiffs were overcharged; Plaintiffs have not alleged they were overcharged; therefore, Plaintiffs are not entitled to damages under § 2607(d)(2)."). Consequently, Plaintiff lacks standing to bring this lawsuit, and her entire complaint should be dismissed with prejudice.

Because a plaintiff must have standing in order for the Court to have subject matter jurisdiction over a plaintiff's claims, resolution of the question of standing necessarily takes precedence over the question of whether Plaintiff has stated a claim upon which relief can be granted; that is, without jurisdiction, the Court has no power to rule on the validity of a claim. *Steel Co. v.*

5

*Citizens for a Better Environment*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012-13, 140 L.Ed.2d 210 (1998). Accordingly, having found that Plaintiff lacks standing to assert a claim for violation of RESPA, the Court will not address the question of whether Plaintiff has stated a claim under Rule 12(b)(6).

IT IS THEREFORE ORDERED that *Defendants' Motion to Dismiss* [Doc. No. 2] is GRANTED.

_____
UNITED STATES DISTRICT JUDGE